IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHEN CORBEZZOLO, *Individually and On Behalf of All Others Similarly Situated*,<br><br>          Plaintiff,<br><br>          v.<br><br>MGP INGREDIENTS, INC., AUGUSTUS C. GRIFFIN, and BRANDON M. GALL,<br><br>          Defendants. | Case No. 20-2090-DDC-JPO |
| CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, *Individually and On Behalf of All Others Similarly Situated*,<br><br>          Plaintiff,<br><br>          v.<br><br>MGP INGREDIENTS, INC., AUGUSTUS C. GRIFFIN, THOMAS K. PIGOTT, and BRANDON M. GALL,<br><br>          Defendants. | Case No. 20-2180-DDC-JPO |

**ORDER APPOINTING CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST AS LEAD PLAINTIFF, APPROVING ITS SELECTION OF LEAD COUNSEL, AND CONSOLIDATING RELATED ACTIONS**

On February 28, 2020, plaintiff Stephen Corbezzolo, individually and on behalf of all others similarly situated, filed a Complaint alleging violations of the federal securities laws set forth in the Securities Exchange Act of 1934 and the SEC Rules promulgated under that Act against MGP Ingredients, Inc., Augustus C. Griffin, and Brandon M. Gall. *Corbezzolo v. MGP*

*Ingredients, Inc.*, No. 20-2090-DDC-JPO, Doc. 1.  On April 6, 2020, plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust ("Miami F&P"), individually and on behalf of all others similarly situated, filed a Complaint alleging substantially similar Securities Exchange Act violations against MGP Ingredients, Inc., Augustus C. Griffin, Thomas K. Pigott, and Brandon M. Gall.  *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. MGP Ingredients, Inc.*, No. 20-2180-DDC-JPO, Doc. 1.

This matter comes before the court on Miami F&P's Motions for Appointment as Lead Plaintiff, Approval of Its Selection of Lead Counsel, and Consolidation of Related Actions (No. 20-2090, Doc. 6 & No. 20-2180, Doc. 4).  Miami F&P moves the court to appoint it as lead plaintiff.  Miami F&P also asks the court to appoint Bernstein Litowitz Berger & Grossmann LLP as lead counsel for the class.  *Id.*  Finally, Miami F&P asks the court to consolidate the two related cases under Fed. R. Civ. P. 42(a).  *Id.*  Defendants have responded and agree consolidation is appropriate.  No. 20-2090, Doc. 13 at 2.  Plaintiff Stephen Corbezzolo has not responded to the motion and the time to do so has expired.  *See* No. 20-2090, Doc. 11 (setting briefing schedule).

*Consolidation*

The court first addresses Miami F&P's request to consolidate these two related actions.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii) (explaining where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make" a lead plaintiff determination until after it decides the motion to consolidate).  Miami F&P requests consolidation under Fed. R. Civ. P. 42(a).  That Rule permits the court, in its discretion, to consolidate actions involving common questions of law or fact.  Fed. R. Civ. P. 42(a)(2); *see*

2

*also Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978) (explaining the determination whether to grant or deny a motion to consolidate is discretionary).

Miami F&P explains that the claims asserted in each action concern "the same parties, transactions, and events." No. 20-2090, Doc. 7 at 13; No. 20-2180, Doc. 5 at 13. And, it contends, though the two plaintiffs assert slightly different class periods and Miami F&P names an additional defendant, the factual and legal issues are "virtually identical" and consolidation would "promote the conservation of judicial resources by preventing the substantial duplication of labor." *Id.* at 13–14, 13 n.5. After reviewing the Complaints, the court agrees and consolidates the following actions for all purposes, including pretrial proceedings and trial, under Fed. R. Civ. P. 42(a): *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. MGP Ingredients, Inc.*, No. 2:20-cv-2180-DDC-JPO (D. Kan.) with *Corbezzolo v. MGP Ingredients, Inc.*, No. 2:20-cv-2090-DDC-JPO (D. Kan.).

*Lead Plaintiff*

Miami F&P seeks appointment as lead plaintiff under 15 U.S.C. § 78u-4(a)(3). Section 78u-4(a)(3)(A) provides a purported class member may move for appointment as lead plaintiff not later than 60 days after the notice advising members of the purported plaintiff class has been circulated. Section 78u-4(a)(3)(B) directs the court to consider any such motion "[n]ot later than 90 days after the date on which a notice is published" and to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," *i.e.*, the "most adequate plaintiff." A rebuttable presumption exists that the most adequate plaintiff is the "person or group of persons that" (i) has filed the complaint or filed a motion for appointment as lead plaintiff, (ii) "has the largest financial interest in the relief sought by the class," and (iii) otherwise satisfies Fed. R.

3

Civ. P. 23's prerequisites to act as a representative party.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Another member of the purported plaintiff class can rebut this presumption by showing that the "presumptively most adequate plaintiff . . . will not fairly and adequately" protect the class's interests or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II).

Here, both Stephen Corbezzolo and Miami F&P filed Complaints and attached to their respective Complaints a certification that they are willing to serve as a representative party on behalf of the class.  No. 20-2090, Doc. 1-1 at 1; No. 20-2180, Doc. 1 at 25; *see also* 15 U.S.C. § 78u-4(a)(2)(A) (explaining a "plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification" that states their willingness to serve as a representative party).  But Miami F&P alone filed a motion for appointment as lead plaintiff by the deadline. Miami F&P explains that it believes it has the largest financial interest in the relief sought by the putative class.[1]  No. 20-2090, Doc. 7 at 5, 9; No. 20-2180, Doc. 5 at 5, 9.  Miami F&P also asserts that it satisfies Fed. R. Civ. P. 23's requirements because "its claims are typical of all members of the Class and it will fairly and adequately represent the class."  *Id.* at 5–6, 9–11.

The court agrees that Miami F&P has established a rebuttable presumption that it is the most adequate plaintiff.  And, no other purported class member has rebutted this presumption. The court thus concludes Miami F&P is the most adequate plaintiff and appoints Miami F&P to serve as lead plaintiff.

---

[1]   The plaintiffs' certifications attached to their Complaints show Miami F&P has a larger financial interest than Stephen Corbezzolo.  *See* No. 20-2090, Doc. 1-1 at 1; No. 20-2180, Doc. 1 at 27–29.

*Lead Counsel*

Under § 78u-4(a)(3)(B)(v), "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." Miami F&P seeks the court's approval of Bernstein Litowitz Berger & Grossmann LLP as lead counsel. It provides the firm's resume and attorney biographies and explains Bernstein Litowitz has experience with class actions alleging federal securities laws violations and a successful history representing plaintiffs as class counsel in such cases. No. 20-2090, Doc. 7 at 11–13 & Doc. 7-3; No. 20-2180, Doc. 5 at 11–13 & Doc. 5-3. Fleeson, Gooing, Coulson & Kitch L.L.C. is acting as liaison counsel for Bernstein Litowitz. As demonstrated by the firm's resume and attorney biographies, Bernstein Litowitz indeed does have extensive experience litigating cases of this kind and is capable of serving as lead counsel. The court thus approves Miami F&P's counsel as lead counsel to represent the putative class.[2]

In sum, after considering of Miami F&P's: (1) Motions for Appointment as Lead Plaintiff, Approval of Its Selection of Lead Counsel, and Consolidation of Related Actions (No. 20-2090, Doc. 6 & No. 20-2180, Doc. 4); (2) the Memoranda of Law and Exhibits in support thereof; and (3) all other pleadings and argument submitted to the court; and for good cause shown,

**IT IS HEREBY ORDERED THAT**

1. Miami F&P's Motions (No. 20-2090, Doc. 6; No. 20-2180, Doc. 4) are **GRANTED**.

---

[2]  Of course, this approval is subject to the court granting proper motions for leave to appear pro hac vice under D. Kan. Rule 83.5.4, which the current motions filed by Fleeson, Gooing, Coulson & Kitch, L.L.C. indicate are forthcoming for Bernstein Litowitz counsel.

2.	Miami F&P is **APPOINTED** to serve as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, in the above-captioned actions and all related actions consolidated pursuant to paragraphs 4 and 5 below.

3.	Miami F&P's selection of Lead Counsel is **APPROVED**, and Bernstein Litowitz Berger & Grossmann LLP is **APPOINTED** as Lead Counsel for the putative class.

4.	Pursuant to Fed. R. Civ. P. Rule 42(a), *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. MGP Ingredients, Inc.*, No. 2:20-cv-2180-DDC-JPO (D. Kan.) is consolidated with *Corbezzolo v. MGP Ingredients, Inc.*, No. 2:20-cv-2090-DDC-JPO (D. Kan.) (collectively, the "Consolidated Action").

5.	In accordance with Rule 42(a), any pending, subsequently filed, removed, or transferred actions that involve common questions of law or fact substantially related to the claims asserted in the Consolidated Action will be considered for consolidation into the Consolidated Action, if drawn to the court's attention.[3]

6.	The Consolidated Action shall be captioned *In re MGP Ingredients, Inc. Securities Litigation*, and the file shall be maintained under Master File No. 2:20-cv-2090-DDC-JPO.

**IT IS SO ORDERED.**

**Dated this 28th day of May, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

---

[3]	Miami F&P submitted a proposed order that suggested automatic consolidation of "any pending, subsequently filed, removed, or transferred actions that are related to the claims asserted in the Consolidated Action." The court declines to order prospective, sweeping relief. Instead, the court directs the current parties to notify the court when an action they believe is appropriate for consolidation is filed. The court then will review the new action and determine if consolidation is appropriate under Fed. R. Civ. P. 42(a).