## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHEN CORBEZZOLO, *Individually and On Behalf of All Others Similarly Situated*, | |
| Plaintiff, | Case No. 20-2090-DDC-JPO |
| v. | |
| MGP INGREDIENTS, INC., AUGUSTUS C. GRIFFIN, and BRANDON M. GALL, | |
| Defendants. | |
| CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, *Individually and On Behalf of All Others Similarly Situated*, | |
| Plaintiff, | Case No. 20-2180-DDC-JPO |
| v. | |
| MGP INGREDIENTS, INC., AUGUSTUS C. GRIFFIN, THOMAS K. PIGOTT, and BRANDON M. GALL, | |
| Defendants. | |

## NOTICE CONCERNING POTENTIAL JUDICIAL DISQUALIFICATION

Consistent with 28 U.S.C. § 455(a) and Canons 3(C)(1) of the Code of Conduct for

United States Judges, when a judge is otherwise disqualified in a proceeding because the judge's

"impartiality might reasonably be questioned," the judge may participate in the proceeding if all

the parties and their counsel, after notice of the basis for the potential disqualification, agree that

disqualification is not required (or agree to waive disqualification) under a procedure

independent of the judge's participation.  Unless all parties and their counsel indicate through

inaction their intent to waive the potential disqualification, I may be disqualified in this case because of the circumstances set out in the Order Regarding Potential for Judicial Disqualification issued contemporaneously with this notice.[1]

If the parties and their counsel wish to waive the potential disqualification, they need not respond to this notice or do anything else.  That is, the Clerk of the Court simply will conclude from the absence of a timely response that the unresponding party and counsel intend to waive any request for the disqualification.  Where no timely response is received by the Clerk's office, I will continue to act as the District Judge assigned to this case.

Conversely, if any party or counsel concludes that disqualification is warranted and does not wish to waive the potential disqualification, that party or attorney must submit a letter to that effect, concisely stating the factual basis for disqualification.  Any such letter must be received by the Clerk of the Court on or before June 8, 2020.  The letter should not be filed by CM/ECF or otherwise sent to me, and no copies of any letter should be provided to other counsel.  Any such letter declining to waive the disqualification will be kept under seal by the Clerk and not shown to the undersigned judge, nor will the Clerk disclose the identity of any party or attorney who declined to waive the potential disqualification to the undersigned judge.  If any party or attorney submits such a letter indicating that the party or counsel has not waived the potential disqualification, the matter will be submitted to Chief Judge Julie A. Robinson.  As Chief Judge of this judicial district, she will determine whether the factual basis asserted in support of

---

[1]    In a separate Order issued today, the court has ordered the consolidation of the above captioned cases, to be captioned *In re MGP Ingredients, Inc. Securities Litigation* and maintained under Master File No. 2:20-cv-2090-DDC-JPO.  To date, the basis for potential disqualification has arisen only in one action:  through the appearance of defendants' counsel in *Corbezzolo v. MGP Ingredients, Inc.*, No. 2:20-cv-2090-DDC-JPO (D. Kan.).  No appearance on behalf of defendants has been entered in *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. MGP Ingredients, Inc.*, No. 2:20-cv-2180-DDC-JPO (D. Kan.).

disqualification warrants random reassignment of this case to another United States District

Judge.  The court directs the Clerk to serve this Notice Concerning Waiver of Potential Judicial

Disqualification on all parties who have entered an appearance in this case.

**IT IS SO ORDERED.**

**Dated this 28th day of May, 2020, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**

3