IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHEN CORBEZZOLO, *Individually and On Behalf of All Others Similarly Situated*, <br><br> **Plaintiff,** <br><br> **v.** <br><br> MGP INGREDIENTS, INC., AUGUSTUS C. GRIFFIN, and BRANDON M. GALL, <br><br> **Defendants.** | Case No. 20-2090-DDC-JPO |
| CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, *Individually and On Behalf of All Others Similarly Situated*, <br><br> **Plaintiff,** <br><br> **v.** <br><br> MGP INGREDIENTS, INC., AUGUSTUS C. GRIFFIN, THOMAS K. PIGOTT, and BRANDON M. GALL, <br><br> **Defendants.** | Case No. 20-2180-DDC-JPO |

## ORDER REGARDING POTENTIAL FOR JUDICIAL DISQUALIFICATION

Under 28 U.S.C. § 455(a) and Canon 3(C)(1) of the Code of Conduct for United States

Judges, the parties and their attorneys of record are hereby informed of a potential basis for

disqualification of the undersigned United States District Judge from further acting in this case.[1]

---

[1]     In a separate Order issued today, the court has ordered the consolidation of the above captioned cases, to be captioned *In re MGP Ingredients, Inc. Securities Litigation* and maintained under Master File No. 2:20-cv-2090-DDC-JPO.  To date, the basis for potential disqualification has arisen only in one action:  through the appearance of defendants' counsel in *Corbezzolo v. MGP Ingredients, Inc.*, No. 2:20-

These provisions require a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Recently, I learned that the law firm where I practiced law before my appointment to judicial office represents one of the parties to this action.  I have not practiced with that law firm for nearly six years since I took the oath of my current office on May 13, 2014, and, in any event, I do not now have nor have I had in the past a close friendship with the attorney in that firm who has entered an appearance in this case.

I have concluded under the governing ethical standards that these circumstances do *not* constitute a situation where my impartiality reasonably could be questioned.  I thus conclude that judicial disqualification under these provisions is not required.  But, I am equally mindful that litigants and counsel of record often know things about a lawsuit that the assigned judge may not yet know—or may never know.  Hoping to exercise all deliberate caution, and ensure that all parties and counsel involved in this case have received notice of these circumstances, I have decided to issue this order.  The parties and their counsel are hereby informed of this potential for disqualification and ordered to comply with the directives set out in the contemporaneously issued Notice Concerning Potential Judicial Disqualification.

**IT IS SO ORDERED.**

**Dated this 28th day of May, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

---

cv-2090-DDC-JPO (D. Kan.).  No appearance on behalf of defendants has been entered in *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. MGP Ingredients, Inc.*, No. 2:20-cv-2180-DDC-JPO (D. Kan.).

2